1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    GATHERING TREE, LLC,                    Case No. 19-cv-07074-WHO

8                  Plaintiff,
                                             **ORDER RE MOTION FOR DEFAULT**
9          v.                                **JUDGMENT**

10   SYMMETRY LABS, INC., et al.,            Re: Dkt. No. 22

11                 Defendants.

12          Plaintiff Gathering Tree, LLC ("Gathering Tree") brings a motion for default judgment

13   against defendant Symmetric Labs, Inc., d/b/a Symmetry Labs ("Symmetry").  Its motion with

14   respect to its conversion claim is GRANTED.  But the motion with respect to its Lanham Act

15   claims and its California claims for intentional interference with prospective economic advantage

16   and unfair competition is DENIED WITHOUT PREJUDICE because the complaint and the record

17   are insufficient to show that Gathering Tree owns a valid and protectable trademark.

18                                      **BACKGROUND**

19          Gathering Tree was formed to oversee the financing, design, construction, and installation

20   of the "Tree of Ténéré," a large piece of sculptural art that originally debuted at a well-known art

21   festival in Nevada in 2017.  Dkt. No. 11 ("Compl.") ¶¶ 2, 13.  It currently plans to  manufacture

22   and sell authorized reproductions of the Tree of Ténéré, which will allow it to repay the debts and

23   art grant that it obtained in creating the original tree.  *Id.* ¶ 2.  It asserts that it owns the trademark

24   for Tree of Ténéré as a brand name for illuminated trees containing imbedded light-emitting

25   diodes ("LEDs").  *Id.* ¶ 4.

26          Gathering Tree states that in creating the Tree of Ténéré, it hired subcontractors, including

27   Symmetry, who all agreed that rights associated with the Tree of Ténéré remained with Gathering

28   Tree.  *Id.* ¶ 3.  This was set forth in a Services Agreement entered into by the parties.  *Id.* ¶ 18.

United States District Court
Northern District of California

1   The Services Agreement also provided that Alex Green (Symmetry's founder and CEO) would be

2   credited as a co-creator of the Tree of Ténéré along with Patrick Deegan and Zachary Smith.  *Id.*

3   ¶¶ 17, 19.

4          Symmetry failed to deliver the milestones set forth in the Services Agreement, and

5   Gathering Tree paid other contractors and recruited volunteers to perform this work.  *Id.* ¶ 20.

6   Nonetheless,

7          [b]etween April and August 2017, the parties to the SA [Services
          Agreement] subsequently entered into oral agreements amending
          Paragraph 5, concerning creative credit. They agreed that Mark Slee,

8          who joined the project around April 2017, would share the "Co-lead
          Artist" credit with Alex Green.  In August 2017, they agreed that

9          Smith would have the "Co-lead Artist" and "Creator" title.

10  *Id.* ¶ 22.  Gathering Tree asserts that Symmetry made no investment in the Tree of Ténéré.  *Id.* ¶

11  16.

12         At the arts festival, the Tree of Ténéré was very successful.  *Id.* ¶ 24.  After the event, the

13  tree was dismantled for transportation and storage, and Gathering Tree paid a monthly fee to store

14  the tree in Stagecoach, Nevada.  *Id.* ¶ 25.  In around the summer of 2018, Symmetry took a tree

15  limb from the storage site without Gathering Tree's knowledge or consent and installed it in its

16  office in San Francisco.  *Id.* ¶¶ 26-27.  Gathering Tree has repeatedly requested return of the tree

17  limb, but Symmetry has refused.  *Id.* ¶ 29.

18         Symmetry also began an extensive campaign to claim exclusive creative credit for the Tree

19  of Ténéré and made unauthorized reproductions of the tree for sale.  *Id.* ¶¶ 30-45.  In January of

20  2019, after Gathering Tree renewed its demands that Symmetry stop its infringing activities

21  related to the Tree of Ténéré, Symmetry filed a trademark application with the United States

22  Patent and Trademark Office ("PTO").  *Id.* ¶¶ 46-47.  Symmetry Labs later admitted that this

23  application was filed to obtain a "bargaining chip" to use in negotiations with Gathering Tree.  *Id.*

24  ¶ 47.  Gathering Tree continued to request that Symmetry cease and desist its operations with

25  respect to the Tree of Ténéré, including by sending an "open letter" to Symmetry's counsel.  *Id.* ¶

26  52.

27         Gathering Tree filed this action on October 28, 2019.  Dkt. No. 1.  It brings causes of

28  action for trademark infringement, false designation of origin and false advertising, and

United States District Court
Northern District of California

2

1   cancellation of trademark registration pursuant to the Lanham Act; and for unfair competition,

2   intentional interference with prospective economic advantage, and conversion under California

3   law.  Dkt. No. 11.  Symmetry did not appear in this action or file an answer to the operative

4   complaint, and Gathering Tree moved for default judgement on April 28, 2020.  Dkt. No. 22.

5   Symmetry has not filed any opposition.

**LEGAL STANDARD**

7       Pursuant to Federal Rule of Civil Procedure 55(b)(2), a district court may enter a final

8   judgment in a case following a defendant's default.  Whether to enter a judgment lies within the

9   court's discretion.  *Bd. of Trustees of Laborers Health & Welfare Tr. Fund for N. California v.*

10  *Cazadores Constr., Inc.*, No. 17-cv-05242-WHO, 2018 WL 986020, at *2 (N.D. Cal. Feb. 20,

11  2018).  In order to exercise this discretion, the court must first confirm that it has subject matter

12  jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy

13  of service on the defendant.  *Id.*  Once these elements are satisfied, the court turns to the following

14  factors (the "*Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)
> the sum of money at stake in the action[,] (5) the possibility of a
> dispute concerning material facts [,] (6) whether the default was due
> to excusable neglect, and (7) the strong policy underlying the Federal
> Rules of Civil Procedure favoring decision on the merits.

18  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**DISCUSSION**

20  **I.    JURISDICTION AND SERVICE**

21      Gathering Tree's Lanham Act claims arise under federal law, and therefore I have subject

22  matter jurisdiction over them pursuant to 28 U.S.C. § 1331.  Gathering Tree's state-law claims

23  arise from the same set of facts, and I have supplemental jurisdiction pursuant to 28 U.S.C. §.

24  1367(a).  With respect to personal jurisdiction, the Complaint alleges that Symmetry has its

25  principal place of business in San Francisco, California.  Compl. ¶ 11.  Therefore, Gathering Tree

26  has established that this Court has personal jurisdiction over Symmetry.  *Daimler AG v. Bauman*,

27  571 U.S. 117, 118 (2014).

28      Lastly, the registered agent for Symmetry was served with the operative Amended

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    Complaint in this case and a summons on December 27, 2019.  *See* Dkt. No. 12.  Therefore,

2    Gathering Tree has satisfied the threshold factors for default judgment.

3    **II.    EITEL FACTORS**

4         **A.    Possibility of prejudice to Gathering Tree**

5              Gathering Tree has articulated substantial prejudice if the requested remedy is not

6    provided.  With respect to its claims for trademark infringement, it will be harmed without

7    recourse to court action by Symmetry's ongoing infringement.  *See Yelp Inc. v. Catron*, 70 F.

8    Supp. 3d 1082, 1094 (N.D. Cal. 2014).  With respect to conversion, it has provided detailed

9    information about the cost of the stolen tree branch, which will need to be replaced in order for the

10   art installation to become whole again.  Accordingly, the possibility of prejudice to Gathering Tree

11   weighs in favor of granting default judgment.

12        **B.    The sum of money at stake in this action**

13             Gathering Tree seeks $31,249.66 in this matter, which relates to the cost of the stolen

14   branch.  Dkt. No. 22 at 16.  It does not seek any monetary damages related to the alleged

15   infringement.  The amount sought is narrowly-tailored and weighs in favor of granting default

16   judgment.  *Catron*, 70 F. Supp. 3d at 1100 (when "the sum of money at stake is tailored to the

17   specific misconduct of the defendant, default judgment may be appropriate.") (citation omitted).

18        **C.    The merits of plaintiff's substantive claims, the sufficiency of the complaint,
19             and the possibility of a dispute of material facts**

20             **1.    Infringement-related claims**

21             To establish a cause of action for trademark infringement and false designation of origin,

22   Gathering Tree must show (i) that its trademark is valid and protectable, and (ii) that Symmetry's

23   mark is "confusingly similar."  *Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d

24   1239, 1247 (9th Cir. 2013); *see also Juno Therapeutics, Inc. v. Juno Biomedical, Inc.*, No. 17-CV-

25   04196-JSC, 2018 WL 2021483, at *4-6 (N.D. Cal. Mar. 26, 2018), *report and recommendation

26   adopted*, No. 17-CV-04196-HSG, 2018 WL 1993407 (N.D. Cal. Apr. 27, 2018).  Gathering Tree

27   has established the second prong of this inquiry, as Symmetry markets the same tree that was

28   installed at the arts and culture festival, and was directly involved in the project.  Thus, there can

be no real dispute of material fact that the competing trademarks are nearly identical.

However, Gathering Tree has not adequately shown that it owns the trademark.  For unregistered trademarks, "the standard test of ownership is priority of use," and "the party claiming ownership must have been the first to actually use the mark in the sale of goods or services." *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226 (9th Cir. 2008) (citations omitted).  "While a 'registrant is granted a presumption of ownership, dating to the filing date of the application for federal registration . . . the non-registrant can rebut this presumption . . . if the non-registrant can show that he used the mark in commerce first. . ." *Cutting Edge Sols., LLC v. Sustainable Low Maint. Grass, LLC*, No. 14-CV-02770-WHO, 2014 WL 5361548, at *5 (N.D. Cal. Oct. 20, 2014) (citation omitted).  Although Gathering Tree asserts that it owns the trademark to the Tree of Ténéré, it does not dispute that Symmetry that has a registered trademark to the tree.  Gathering Tree did not itself register the trademark, and does not assert that it opposed Symmetry's trademark application.

Gathering Tree's primary argument as to ownership is that it is the senior user of the mark because the "installation was initially conceived by a founding member of Gathering Tree on or about August 31, 2016." Dkt. No. 22 at 7; Compl. ¶ 14.  This vague allegation does not provide a persuasive case for ownership.  Critically, Gathering Tree has not provided any allegations that it used the mark in commerce, or in the sale of goods or services.  Although Gathering Tree states that it has current plans to sell products related to the Tree of Ténéré, it has not asserted or provided any evidence that in the three years since the Tree of Ténéré debuted at the festival, it has done so or even sought to do so.  *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012) ("a party pursuing a trademark claim must meet a threshold 'use in commerce' requirement").  "To acquire ownership of a trademark it is not enough to have invented the mark first or even to have registered it first; *the party claiming ownership must have been the first to actually use the mark in the sale of goods or services*." *Id.* (emphasis added).  To satisfy the "use in commerce" requirement, a mark must be "used or displayed in the sale or advertising of services and the services are rendered in commerce." *Id.* (citation omitted).  Gathering Tree's contention that it used the mark by presenting the tree at the arts festival does not satisfy this

United States District Court
Northern District of California

5

1    requirement.  See Dkt. No. 22 at 8.  The current allegations suggest that Symmetry may be the

2    party that first used the mark in commerce and would thus be the senior user.

3           In addition, Gathering Tree's allegation with respect to the conception of the Tree of

4    Ténéré provides no further information that supports a conclusion of ownership.  It does not

5    specify what exactly was conceived of at that time, whether the mark was intended by the

6    unnamed "founding member" or Gathering Tree (which was not yet in existence) to be Gathering

7    Tree's property, or whether it was intended to be used in commerce.  At most, it appears to pertain

8    to copyright ownership of the tree, which is not at issue in this case.

9           The remaining allegations in the complaint concerning ownership are also thin.  Gathering

10   Tree alleges that Symmetry, as with all other subcontractors, executed a Services Agreement that

11   stated that "Gathering Tree is retaining the services of Symmetry Labs to assist in the production

12   of a large-scale art installation called Ténéré."  Compl. ¶ 18.  This agreement provided for

13   payments to Symmetry upon certain milestones, provided that Green and two others would be

14   credited as co-creators of the Tree of Ténéré, and stated that "Gathering Tree remained 'the sole

15   owner of the Tree in its entirety.'"  Id. ¶ 19.  For an art grant application, Green would be credited

16   as the lead artist.  Id.

17          These allegations do not clarify ownership of the intellectual property ("IP") rights to the

18   Tree of Ténéré.  Gathering Tree was stated to "own[] . . . the Tree in its entirety," id., but whether

19   this refers to the physical tree itself or the IP rights in the tree is unclear.  Moreover, the Services

20   Agreement provisions with respect to creative credit give rise to questions as to Symmetry's (and

21   Green's) contributions to the Tree of Ténéré.  The Services Agreement is not in the record, so it is

22   impossible to independently evaluate the terms of this contract.  Further, the Complaint states that

23   the parties entered into an unspecified number of oral amendments to this agreement "concerning

24   creative credit," but provides no further information about these agreements, including whether

25   they altered the IP rights between the parties.  Id. ¶ 22.  Gathering Tree also describes an "open

26   letter' to Symmetry's counsel, which is not in the record.  Compl. ¶ 52; Dkt. No. 22 at 6.

27          Thus, reading the complaint as a whole there are substantial questions as to ownership of

28   the tree's IP rights.   The allegations do not clearly show that the trademark is valid and

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1   protectable by Gathering Tree.

2   　　　Aside from allegations in the complaint, Gathering Tree has not provided evidence that it

3   owns the IP rights to the Tree of Ténéré.  Gathering Tree's co-founder and manager filed a

4   declaration in support of its motion providing support for its claim of damages and itemizing

5   invoices paid to vendors for portions of the tree.  *See* Dkt. No. 22-4.  The declaration does not

6   provide any assertion as to ownership of the IP rights to the Tree of Ténéré.  As discussed, the

7   Services Agreement is not in the record, and Gathering Tree's website (cited in the complaint) is

8   not operative.  *See* Compl. ¶ 15.  The record does not provide a strong substantive showing of

9   ownership.

10   　　　Finally, there is likely to be a dispute of material facts with respect to ownership.  As the

11   complaint states, Gathering Tree agreed to give the founder of Symmetry certain creative credits

12   to the Tree of Ténéré.  This suggests that Symmetry may have copyright rights in the Tree of

13   Ténéré, and possibly other IP rights as well.  And, as evidenced by Symmetry's trademark

14   application, it is likely to take the position that it had exclusive rights to the Tree of Ténéré.  *See*

15   Compl. ¶¶ 49-50.

16   　　　For these reasons, Gathering Tree's substantive claims, the sufficiency of the complaint,

17   and the possibility of a dispute of material facts weigh in favor of denying Gathering Tree's

18   motion with respect to its Lanham Act claims.  Because its California unfair competition claim,

19   claim for intentional interference with prospective economic advantage, and trademark registration

20   cancellation claim are based upon the same set of facts, these factors also weigh in favor of denial

21   for these causes of action.[1]

22   　　　　　　　**2.    Conversion**

23   　　　"The elements of a conversion claim are: (1) the plaintiff's ownership or right to

24   possession of the property; (2) the defendant's conversion by a wrongful act or disposition of

25   property rights; and (3) damages."  *Hanover Ins. Co. v. Fremont Bank*, 68 F. Supp. 3d 1085, 1100

26   

27   ---
[1] Gathering Tree's cause of action for intentional interference with prospective economic
advantage and for trademark cancellation require that it establish factors that differ from those for
trademark infringement.  However, without showing that it owns a valid and enforceable
trademark, these causes of action are also defective.

28

1   (N.D. Cal. 2014) (citations omitted).  "The 'wrongful act' underpinning the conversion may be a

2   simple refusal to surrender possession or an 'unjustified refusal to deliver possession.'"  *Id.*

3   (citations omitted).

4          Gathering Tree has adequately alleged that it owned the physical tree branch that

5   Symmetry took.  Although it has not provided the Court with the Services Agreement, the

6   complaint states that this agreement stated that the tree was owned by Gathering Tree.  Moreover,

7   Gathering Tree has provided multiple invoices, billed to Gathering Tree, for parts of the tree parts

8   from subcontractors.  *See* Dkt. No. 22-4.  The complaint further alleges that Gathering Tree paid

9   the rent of the storage facility where the tree parts were stored, and that Symmetry took a branch

10  and installed it in its San Francisco office and refused to return it.  Compl. ¶¶ 86-89.  These

11  allegations, taken as true, establish that Gathering Tree owned at least the physical tree, and a clear

12  claim for conversion.  Because the ownership of the tree is established by the Services Agreement,

13  it is unlikely that there will be a dispute of material fact for this claim.  Accordingly, Gathering

14  Tree has demonstrated that the substantive claims, sufficiency of the complaint, and likelihood of

15  dispute as to material facts with respect to its conversion claim weigh in favor of granting its

16  motion.

17          **D.       Whether the default was due to excusable neglect**

18          The *Eitel* factor of excusable neglect "contemplates the possibility that Defendants' default

19  was the result of excusable neglect."  *Bay Area Painters & Tapers Pension Tr. Fund v. Delta City*

20  *Drywall*, No. C 10-1043 JSW (JL), 2011 WL 13243837, at *4 (N.D. Cal. Mar. 15, 2011).  "Under

21  this analysis, the Court considers whether Defendant was put on adequate notice to apprise [it] of

22  the pendency of the action brought against it."  *Id.*  As discussed above, Symmetry was served

23  with the Amended Complaint in this case.  Although it appears that Green was incarcerated at the

24  time this lawsuit was filed, Gathering Tree has alleged that it has been in contact with an interim

25  CEO for the company.  Compl. ¶ 47.  Accordingly, this factor weighs in favor of granting

26  Gathering Tree's motion.

27

28

United States District Court
Northern District of California

**E.      Policy underlying the Federal Rules of Civil Procedure favoring decision on the merits**

A "defendant's failure to answer the plaintiff['']s complaint makes a decision on the merits of a case impractical, if not impossible." *Delta City Drywall*, 2011 WL 13243837, at *4 (citation omitted).  Symmetry did not respond to the complaint or to the motion for default judgment.

At the same time, Gathering Tree requests an order directing the PTO to invalidate Symmetry's trademark, a finding that it has a valid trademark in the Tree of Ténéré, and an injunction prohibiting Symmetry from future use of the trademark.  As discussed above, its allegations and factual showing with regard to trademark ownership, and thus infringement, are thin.  Furthermore, there is a presumption of validity of Symmetry's registered trademark.  In these circumstances, the strong policy favoring a decision on the merits weighs in favor of denying Gathering Tree's motion with respect to its Lanham Act claims.  This factor is neutral as to Gathering Tree's conversion claims.

**F.      Conclusion**

All factors weigh in favor of or are neutral as to granting Symmetry's motion for default judgment on its conversion claim.  However, given the substantial questions as to Gathering Tree's ownership of a valid and protectable trademark, I find that the *Eitel* factors weigh in favor of denying its motion with respect to its remaining claims.

**III.      DAMAGES**

As discussed above, Gathering Tree seeks $31,249.66 to replace the cost of the stolen branch.  Dkt. No. 22 at 16.  In support of its motion, it provided a declaration of Patrick Deegan, Gathering Tree's co-founder and manager, that provides a detailed estimate of the cost of the lost tree branch based on multiple invoices from vendors and the relative cost of each part of the tree.  Dkt. No. 22-4.  I find this estimate to be reasonable.  Therefore, Gathering Tree is entitled to $31,249.66 in damages for its conversion cause of action.

**CONCLUSION**

For the above reasons, Gathering Tree's motion for default judgment is DENIED IN PART and GRANTED IN PART.  If it chooses to do so, Gathering Tree should refile a motion for

United States District Court
Northern District of California

1   default with sufficient evidence for the remaining causes of actions within thirty days of this Order

2       **IT IS SO ORDERED.**

3   Dated: June 13, 2020



William H. Orrick
United States District Judge