UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GATHERING TREE, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SYMMETRIC LABS, INC., et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-07074-WHO<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. Nos. 22, 29 |

　　Plaintiff Gathering Tree, LLC ("Gathering Tree") filed a supplemental motion for default judgment against defendant Symmetric Labs, Inc., d/b/a Symmetry Labs ("Symmetry"). I previously granted Gathering Tree's Motion for Default Judgment ("Motion") on its conversion claim and denied without prejudice its Motion with respect to its remaining claims because it had not demonstrated that it owns a valid and protectable trademark. *See* Dkt. No. 27 ("Order"). In its supplemental submissions, Gathering Tree has demonstrated that it owns a valid and protectable trademark and that it should be granted default judgment on its claims under the Lanham Act and under California's Unfair Competition Law ("UCL"), and for intentional interference with prospective economic advantage. Accordingly, Gathering Tree's Motion for Default Judgment (Dkt. Nos. 22, 29) is GRANTED.

**BACKGROUND**

　　The background of this matter is set forth in detail in my prior Order. On July 14, 2020, Gathering Tree provided additional information to address the concerns outlined in the Order and discussed at the June 3, 2020 hearing on Gathering Tree's Motion. *See* Order; Dkt. No. 29. Among other documents, Gathering Tree submitted a declaration of Zachary Smith, Gathering Tree's co-founder, that stated that he first conceived of the Tree of Ténéré in August 2016. Dkt. No. 29-1 ("Smith Decl.") ¶ 3. Smith and co-founder Patrick Deegan incorporated Gathering Tree

in December of that year. *Id.* ¶ 5. Smith and two volunteers "brainstormed" the name "Tree of Ténéré" around the same time. *Id.* ¶¶ 6-7; Dkt. No. 29-2. Gathering Tree first used the name "Tree of Ténéré" publicly on a fundraising page in December 2016. Smith Decl. ¶ 8; Dkt. No. 29-3.

Symmetry was not hired by Gathering Tree until February 2017. Smith Decl. ¶ 9. Gathering Tree provided a copy of the Services Agreement ("SA") that it entered into with Symmetry. Dkt. No. 29-5. This states that "Gathering Tree is retaining the services of Symmetry Labs to assist in production of a large-scale art installation called Ténéré," and that "Symmetry Labs will design, procure, and integrate the electronic and content components of the Tree." *Id.* ¶ 1. Under "Ownership & License," the SA states that "Gathering Tree is sole owner of the Tree in its entirety, including all hardware. Symmetry Labs grants Gathering Tree a limited, non-exclusive, transferable, perpetual license to any software required to operate the Tree." *Id.* ¶ 4. Under "Creative Credit," the SA provides that Symmetry's CEO, Alex Green, Deegan, and Smith are co-creators of the Tree, Green is the lead artist for the Burning Man Honorarium, and Symmetry will be credited for building the technology. *Id.* ¶ 5. The SA terminated on September 5, 2017. *Id.* ¶ 6.

The Tree of Ténéré debuted at the Burning Man arts festival in August 2017. There, Smith was approached by several buyers interested in purchasing reproductions of the tree with whom he maintained ongoing discussions afterward. Smith Decl. ¶ 16. Gathering Tree was approached after the festival by other potential buyers. Smith Decl. ¶ 17; Dkt. No. 29-7.[1] Before Gathering Tree could complete sales of authorized reproductions of its tree, it had to first reengineer various components so that the Tree would be resilient enough to last in public outdoor spaces. Smith Decl. ¶ 18. To manufacture these authorized reproductions, Gathering Tree partnered with Studio Drift Holding B.V. ("Studio Drift") and invested substantial resources in "prototyping and testing Tree of Ténéré components." Smith Decl. ¶ 19; Dkt. No. 29-8. Studio Drift and Gathering Tree are represented by a contemporary art gallery that markets Tree of Ténéré reproductions. Smith

---

[1] Green is not a recipient in the email chain that Gathering Tree submitted to demonstrate potential interest by buyers. Dkt. No. 29-7.

Decl. ¶ 21. Gathering Tree finalized its first sale of an authorized reproduction in April 2020. *Id.* ¶ 23. Smith asserts that in addition to the time required to reengineer the tree, sales of authorized reproductions require long and extensive negotiations. *Id.* ¶ 22.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a district court may enter a final judgment in a case following a defendant's default. Whether to enter a judgment lies within the court's discretion. *Bd. of Trustees of Laborers Health & Welfare Tr. Fund for N. California v. Cazadores Constr., Inc.*, No. 17-cv-05242-WHO, 2018 WL 986020, at *2 (N.D. Cal. Feb. 20, 2018). In order to exercise this discretion, the court must first confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. *Id.* Once these elements are satisfied, the court turns to the following factors (the "*Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts [,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## DISCUSSION

### I. MERITS OF GATHERING TREE'S CLAIMS AND SUFFICIENCY OF COMPLAINT

#### A. Trademark infringement and false designation of origin

To establish a cause of action for trademark infringement and false designation of origin, Gathering Tree must show (i) that its trademark is valid and protectable, and (ii) that Symmetry used a "confusingly similar" mark. *Herb Reed Enterprises, LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013). I previously found that Symmetry's mark was confusingly similar to Gathering Tree's mark but that Gathering Tree had not adequately shown that it actually owned its mark. Order. at 4-5. In particular, I noted that there was no evidence in the record or facts to support Gathering Tree's allegations that it was the senior user of the mark in the sale of goods or services. *Id.* at 5.

1   Gathering Tree's supplemental submission provides sufficient information to show that it
2  was the senior user of the trademark "Tree of Ténéré" for illuminated trees with leaves containing
3  imbedded LEDs.  Smith conceived of the name and concept of the Tree of Ténéré before
4  Gathering Tree's partnership with Symmetry.  Symmetry was hired to design, procure, and
5  integrate the electronic and content components of the Tree of Ténéré, but Gathering Tree retained
6  ownership of the Tree and "licenses" to the Tree.  While Green was granted certain creative
7  credits, this was limited to the installation of the Tree at the 2017 Burning Man festival.  Gathering
8  Tree's display of the Tree of Ténéré at the Burning Man festival in 2017 satisfies the "use in
9  commerce" requirement, because it engaged in discussions with potential buyers of authorized
10 reproductions of the Tree at the festival.  Gathering Tree's discussions continued after the festival,
11 and Gathering Tree took many steps to commercialize its Tree, including reengineering the Tree
12 of Ténéré for permanent installation, hiring a manufacturing partner, and hiring an art gallery for
13 marketing purposes.  In sum, Gathering Tree has adequately shown that it is the senior user of the
14 mark and that its Lanham Act claims have substantive merit.  These factors weigh in favor of
15 granting default judgment.[2]

16 I also find that the factors set forth in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388,
17 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006) support the issuance of a permanent
18 injunction.  Gathering Tree, the lawful owner of the Tree of Ténéré mark, would be irreparably
19 harmed if Symmetry continued to hold itself out as the owner of the mark.  Monetary damages are
20 inadequate to compensate for this injury.  Further, the public would be served by an injunction and
21 the balance of hardships weighs in favor of an injunction.  Gathering Tree, the lawful owner of the
22 trademark, should be free to sell authorized reproductions of the Tree of Ténéré that it has
23 developed to the purchasers it chooses and without risk of confusion.

24 **B.    State-law claims**
25 To establish a claim for intentional interference with prospective economic advantage, a
26 plaintiff must show "(1) an economic relationship between the plaintiff and some third party, with

---

[2] Gathering Tree withdrew its request to cancel Symmetry's trademark registration application, which it asserts remains pending. Dkt. No. 29 at 3.

the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional wrongful acts on the defendant's part designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153, 63 P.3d 937, 950 (2003).

Gathering Tree alleges that it was in contact with prospective purchasers of authorized reproductions of the Tree of Ténéré starting in August 2017. The Complaint states that Symmetric interfered with the potential customers with whom Gathering Tree was negotiating by sowing confusion about ownership of the intellectual property rights to the Tree. Dkt. No. 11 ¶ 44. It also contends that Symmetric has sold or attempted to sell unauthorized reproductions to other specific potential customers, including one in Las Vegas and another in Norway. *Id.* ¶¶ 39-43. Gathering does not allege that it had relationships with these latter customers.

Gathering Tree's allegations and the evidence that it has submitted supports its claim for intentional interference with prospective economic advantage with respect to Gathering Tree's existing relationships. Gathering Tree provided an email in which a customer approached Smith about installing an authorized reproduction of the Tree in Las Vegas. *See* Dkt. No. 29-7. The sender of the email mentioned that he had spoken to Green. *Id.* Based on this and Symmetry's involvement in the Burning Man installation, it is plausible that Symmetry knew of Gathering Tree's relationship with this potential customer in Las Vegas, if not other potential customers as well. Gathering Tree has likewise adequately demonstrated that Symmetry intentionally interfered with Gathering Tree's relationships by marketing reproductions of the Tree of Ténéré and falsely asserting that it was the exclusive owner of IP rights to the Tree. These actions plausibly disrupted Gathering Tree's relationship with its customer. Gathering Tree was likely harmed by this disruption, as customers were confused regarding trademark ownership, which led to loss of goodwill and reputation as well as lost profits. *See* Dkt. No. 11 ¶¶ 78, 84. Finally, Symmetry's actions of trademark infringement were independently wrongful. *See Korea Supply Co.*, 29 Cal. 4th at 1138. Accordingly, I find that Gathering Tree's allegations and evidence weigh in favor of granting default judgment on its claim for intentional interference with prospective economic

advantage.

Because I grant Gathering Tree's Motion on its Lanham Act claims and claim for intentional interference with prospective economic advantage, I also grant its Motion on its UCL claim. *See Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1153 (9th Cir. 2002); *Cisco Sys., Inc. v. Beccela's Etc.*, LLC, 403 F. Supp. 3d 813, 830 (N.D. Cal. 2019).

## II. REMAINING EITEL FACTORS

I previously found that for Gathering Tree's trademark-related claims, the possibility of prejudice to Gathering Tree, the sum of money at stake in this action, and whether the default was due to excusable neglect all weighed in favor of granting Gathering Tree's Motion. *See* Order 4, 8. While it remains likely that there would be a dispute of material facts on the issue of trademark ownership, the record demonstrates strong evidence that Gathering Tree, and not Green or Symmetry, is the owner of the Tree of Ténéré mark. Thus, I find that the remaining *Eitel* factors weigh in favor of granting Gathering Tree's Motion.

## CONCLUSION

Accordingly, Gathering Tree's Motion with respect to its trademark and state-law claims is GRANTED. Because the requested relief in the supplemental motion differs somewhat from what Gathering Tree initially requested, Gathering Tree is ordered to file a proposed form of Judgment within two weeks of the date of this Order.

**IT IS SO ORDERED.**

Dated: August 10, 2020

William H. Orrick
United States District Judge