# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| GATHERING TREE, LLC,<br><br>     Plaintiff,<br><br>     v.<br><br>SYMMETRIC LABS, INC., d/b/a/<br>SYMMETRY LABS<br><br>     Defendants. | Case No. 5:19-cv-07074-WHO<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND JUDGMENT**<br><br>[Fed. R. Civ. P. 55(b)(2)]<br><br>**Judge:** Honorable William H. Orrick, III |

THIS MATTER comes before the Court on Plaintiff Gathering Tree, LLC's ("Plaintiff" or "Gathering Tree") Motion for Default Judgment and Permanent Injunction (Dkt. 22) and Gathering Tree's Supplemental Motion for Default Judgment and Permanent Injunction (Dkt. 29) against Defendant Symmetric Labs, Inc. d/b/a Symmetry Labs ("Defendant" or "Symmetry Labs").  For the following reasons, Gathering Tree's motions are granted.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having reviewed Plaintiff's motions and the other pleadings, papers, and evidence filed in this action, the Court makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over the subject matter of this case and has jurisdiction over all parties hereto.

2. Defendant was served with Plaintiff's First Amended Complaint and adequate notice was provided through means authorized by law, specifically personal service on an agent designated by law, satisfying Fed. R. Civ. P. 4(c).

3. Defendant failed to appear, plead, or otherwise defend against this action in a timely manner.

4. Defendant has engaged in and is likely to engage in acts or practices that violate (i) the Lanham Act, 15 U.S.C. § 1125(a); (ii) California's Unfair Competition law, Cal. Bus. Code § 17200 *et seq*.; Cal. Bus. and Prof. Code § 17200; (iii) common law intentional interference with prospective economic advantage; and (iv) common law conversion.

5. The Court finds that Plaintiff has established the following facts:

    a. First, Plaintiff owns all intellectual property associated with the "Tree of Ténéré" illuminated sculpture, including the exclusive right to use "TREE OF TÉNÉRÉ" as a trademark for artificial life-size trees with LED leaves.

    b. Second, Defendant infringed the unregistered TREE OF TÉNÉRÉ trademark by falsely representing itself to prospective buyers as authorized to create and sell reproductions of the Tree of Ténéré sculpture. Defendant has obtained at least $2 million from the sale of unauthorized reproductions of the Tree of Ténéré.

      c.    Third, Defendant converted Gathering Tree's property when it took a limb of the original Tree of Ténéré sculpture from a storage facility without Gathering Tree's knowledge or permission.

6. Unless Defendant is restrained and enjoined by Order of this Court, the foregoing conduct will continue and, if such conduct continues, irreparable harm will occur to Plaintiff and the public. There is good cause to believe that Defendant will continue to engage in such unlawful actions if not permanently restrained from doing so by Order of this Court.

7. The benefits of granting a permanent injunction far outweigh the harm, if any, to Defendant, and the public interest would be advanced by the issuance of a permanent injunction.

IT IS THEREFORE ORDERED, as follows:

A. Plaintiff's motion and supplemental motion for default judgment and permanent injunction are GRANTED.

B. Plaintiff is awarded judgment against Defendant in the amount of $31,249.66, plus pre-judgment and post-judgment interest.

C. Defendant Symmetry Labs and its agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Symmetry Labs, are permanently restrained and enjoined, pursuant to 15 U.S.C. §1116(a), from, directly or indirectly:

    i.    Disseminating or causing the dissemination of the false and misleading claims concerning Defendant's ownership of the TREE OF TÉNÉRÉ trademark or its authorization to produce or sell reproductions of the original Tree of Ténéré illuminated sculpture including, but not limited to, on Defendant's website, on social media, in the press, and in discussions with prospective purchasers of artificial life-size trees with LED leaves;

ii. Transferring possession of Gathering Tree's converted tree limb;[1]

iii. Using and infringing Plaintiff's trademarks, including specifically Plaintiff's unregistered TREE OF TÉNÉRÉ trademark; or

iv. exploiting prior acts of infringement by advertising, selling, or offering to sell unauthorized reproductions of the Tree of Ténéré to any person to whom Defendant made earlier false statements concerning its ownership of Tree of Ténéré intellectual property and/or its authorization to sell authorized reproductions of the Tree of Ténéré.

D. Defendant, its representatives, officers, agents, employees, and other persons or entities that are in active concert or directly or indirectly assisting Defendant, are ordered pursuant to 15 U.S.C. §1116(a) to disseminate corrective messages including a copy of this Order to former, current, and prospective purchasers of artificial life-size trees with LED leaves and to post corrective statements, along with a copy of this Order, to Defendant's website at http://www.symmetrylabs.com and to Defendant's social media accounts on Facebook, Instagram, LinkedIn, and Twitter. Such corrective advertising shall be disseminated within 30 days of the entry of this Order.

IT IS SO ORDERED, ADJUDICATED and DECREED this 24th day of August, 2020.

HON. WILLIAM H. ORRICK
United States District Judge
Northern District of California

---

[1] The Court hereby determines that any transfer of possession of the converted tree limb shall constitute a separate and independent tort.

3
ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
Case No. 5:19-cv-07074-WHO